**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10103 |
| Plaintiff - Appellee, | DC No. CR 07-00159 (OWW) |
| v. | MEMORANDUM [*] |
| TERRY L. HAYES, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wagner, District Judge, Presiding

Argued and Submitted June 15, 2010
San Francisco, California

Before:    SCHROEDER and BYBEE, Circuit Judges, and GONZALEZ, **
District Judge.

Terry L. Hayes appeals his jury convictions and sentences for nine counts of

mail fraud and aiding and abetting, 18 U.S.C. §§ 1341 and 2, and one count of theft

of government property and aiding and abetting, 18 U.S.C. §§ 641 and 2, by

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Cir. R. 36-3.
    \*\* The Honorable Irma E. Gonzalez, Chief District Judge for the Southern
District of California, sitting by designation.

concealing his return to work from the Social Security Administration ("SSA") while continuing to receive disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. The parties are aware of the facts, and we do not restate them here.

The evidence was sufficient to establish that Hayes knowingly concealed a material fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The government presented substantial evidence that Hayes knowingly concealed the full extent of his employment between September 2000 and September 2003. Although the SSA's investigation in 2002 revealed some of Hayes' earnings, the SSA never learned the full extent of his employment or earnings until after it issued the benefit checks that form the basis of Hayes' convictions. Thus, Hayes' failure to report his employment had "a natural tendency to influence" the decision of the SSA to issue the checks to Hayes, and his concealment of his employment was therefore material. *See Kungys v. United States*, 485 U.S. 759, 770 (1988).

There was no abuse of discretion in the district court's exclusion of expert testimony regarding Hayes' cognitive disorder, impaired memory, difficulty managing his finances, and the extent of his anxiety disorders. The expert was permitted to testify as to Hayes' relevant impairments. The district court only excluded testimony about conclusions that were not supported by the expert's

2

report or that would not have assisted the jury in determining whether Hayes knew he had a duty to report his return to work to the SSA. *See* Fed. R. Evid. 702; *United States v. Morales*, 108 F.3d 1031, 1035 (9th Cir. 1997).

The evidence of Hayes' previous use of his son's social security number was properly admitted under Federal Rule of Evidence 404(b). *See United States v. Gonzalez*, 307 F.3d 906, 909 (9th Cir. 2002). Also, the district court did not abuse its discretion in excluding evidence that Hayes received disability payments after he was indicted or in refusing to take judicial notice of 42 U.S.C. §§ 653 and 653a. *See id.*

The record supported all the facts and inferences that were argued by the prosecutor in closing argument. There was no misconduct, and therefore, no plain error. *See United States v. Olano*, 507 U.S. 725, 732 (1993).

The district court did not err in imposing an enhancement under U.S.S.G. § 2B1.1(b)(1)(D), because the record established that there was a loss of more than $30,000. *See Gall v. United States*, 552 U.S. 38 (2007).

Because there was no error, no cumulative error exists. *See Parle v. Runnels*, 505 F.3d 922, 928 (9th Cir. 2007).

**AFFIRMED.**